UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CALNAN, WILLIAM MACNEIL, MICHAEL DWELLEY, WILLIAM ROGG, RUSSELL BOWDEN, NICK GALLAGHER, DON ELKINS, STEPHEN HORGAN, and MARTIN HERATY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>v.<br><br>VEOLIA ENERGY NORTH AMERICA, L.L.C.,<br>        Defendant. | Civil Action No. 12-cv-11412-WGY |

## [PROPOSED] ORDER APPROVING COLLECTIVE AND CLASS ACTION SETTLEMENT

Having considered the parties' proposed settlement in this case and having held a Fairness Hearing on Wednesday, June 5, 2013, and having determined that the proposed settlement is fair, reasonable, and adequate, the Court approves the proposed settlement (as set forth in the parties' Joint Motion for Final Approval of FLSA Collective Action Settlement and Massachusetts Wage Claims Class Action Settlement and Award of Attorneys' Fees and Costs) pursuant to Fed. R. Civ. P. 23(e) and the federal Fair Labor Standards Act as follows.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

(1) The earlier provisional certification of the Settlement Class is made final. Said Settlement Class is defined as: "current and former mechanics, auxiliary operators, and control operators employed in Massachusetts by Veolia Energy

North America, L.L.C. at any time between August 1, 2009 and November 2, 2012, and who were entitled to shift differential payments in a week when overtime payment was required pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 and/or the Massachusetts Overtime Law, M.G.L. c 151, §1B." The class certified in this case consists of 35 current and former Massachusetts employees of Veolia Energy N.A., L.L.C. All class members are or were members of International Union of Operating Engineers, Local 877.

(2) Class Counsel and Defendant have provided detailed, adequate written notice in a reasonable manner to all class members who would be bound by the settlement, and that class members have had reasonable opportunity to file written objections or opt-out of the settlement. There is no convincing basis for rejecting this settlement was presented during this process.

(3) The case has been conducted fairly and has protected class members' interests. Class counsel is experienced and conducted themselves in a manner consistent with their obligations to class members.

(4) The Parties have submitted a statement identifying and describing the details of their settlement agreement.

(5) There exists a bona fide dispute as to the application of the overtime provisions of Fair Labor Standards Act, 29 U.S.C. § 207, which will be resolved by the Parties' settlement agreement.

(6) All class members will receive full recovery under the settlement agreement.

(7) The proposed settlement of this case as to the certified class is fair, reasonable and in the interest of the class.

(8) Payment of additional incentive compensation to the named Plaintiffs is fair and reasonable in light of the benefits they have provided to the Settlement Class, and Plaintiffs' Counsel.

(9) Award to Plaintiffs' Counsel attorneys' fees in the amount of $90,000, plus reimbursement of $2,491.00 in out-of-pocket expenditures that they have made in this case, such awards to compensate them for all past and future work and expenses done and made in the prosecution of this action.

Accordingly, the Court hereby grants Final Approval of the parties' settlement agreement in its entirety pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C.§ 216(b). The parties are further ordered to submit to the Court a Joint Certification of Completion as to the distribution of settlement funds, incentive awards and attorneys' fees 180 days following the disbursement of settlement funds, at which time the Court will consider entering a final judgment.

So ordered by the Court.

*William G. Young*
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2013